IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER # 314971, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:25-cv-00336 |
| v. | ) |
| | ) Judge Trauger |
| GRADY PERRY, *Warden*, | ) Magistrate Judge Frensley |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by John Allen Hessmer, an inmate of the South Central Correctional Facility in Clifton, Tennessee. (Doc. No. 1).[1]

Respondent has filed a Motion to Dismiss the petition. (Doc. No. 9). The motion is ripe for review. For the reasons set forth herein, Petitioner is not entitled to an evidentiary hearing or the appointment of counsel, and the court will grant Respondent's Motion to Dismiss.

### I. BACKGROUND

On March 30, 2000, Petitioner entered guilty pleas to aggravated burglary and vandalism in Macon County (Case No. 99-137) and to possession of marijuana with intent to sell in Wilson County (Case No. 99-1861). (Doc. No. 8-1 at 34-35). Petitioner received a combined sentence of seven years from these three convictions. (*Id*. at 35). Although Petitioner began serving this seven-year sentence in the community corrections program, Petitioner violated the conditions of

---

[1] Petitioner also filed a Motion to Appoint Counsel (Doc. No. 11), a Motion to Compel Discovery (Doc. No. 13), and a Petition to Compel Discovery of Missing Records and Answer Interrogatories (Doc. No. 14).

community corrections in June 2000, and, as a result, served the remainder of the sentence in confinement. (*Id*. at 12).

Petitioner filed a petition for post-conviction relief one year after the revocation of community corrections, alleging ineffective assistance of counsel at the revocation hearing. (*Id*. at 13-15). The post-conviction court denied relief, finding the petition to be time-barred. (*Id*. at 16). Petitioner did not appeal from this denial but filed various letters and petitions in the trial court over the next year, none of which afforded him relief. (*See id*. at 17, 23). In 2007, Petitioner's sentence expired. (Doc No. 8-1 at 40; Doc. No. 8-2 at 46).

In 2023, Petitioner filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1, raising numerous claims. (*Id*. at 24-33). The trial court dismissed the motion because the sentences expired fifteen years before the motion was filed and because the motion pleaded no facts suggesting that the sentence was illegal. (*Id*. at 34-41). Additionally, the court found that, if the motion was construed as a petition for post-conviction relief, it was untimely and would likewise be dismissed. (*Id*. at 40). The court noted, however, that Petitioner was correct in arguing that his 2001 post-conviction petition was improperly dismissed as untimely, finding that the post-conviction court should have considered the one-year statute of limitations to begin at the date the trial court revoked Petitioner's community corrections release, not at the date he was convicted. (*Id*. at 39-40). Nevertheless, because Petitioner had not appealed the petition's denial, he was not entitled to relief on this error. (*Id*. at 40).

Petitioner appealed to the Tennessee Court of Criminal Appeals ("TCCA"), which affirmed the trial court's denial of his motion to correct an illegal sentence. (Doc No. 8-2 at 44-46). By order dated November 11, 2024, the TCCA agreed that Petitioner could not challenge an expired sentence through Rule 36.1 and noted that the motion could not be considered as a petition for

2

post-conviction relief because Petitioner already had filed a post-conviction petition. (*Id.*) (citing Tenn. Code Ann. § 40-30-102(c)).

Petitioner filed the instant petition[2] for writ of habeas corpus on March 20, 2025.[3] (Doc. No. 1). Upon receiving the petition, the court conducted a preliminary review under Rule 4, Rules – Section 2254 Cases and ordered Respondent to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules § 2254 Cases. (Doc. No. 6). In response, Respondent filed a Motion to Dismiss the petition. (Doc. 9).

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the court may grant a writ of habeas corpus on a claim that was adjudicated on the merits in state court if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] Petitioner alleges that he "has diligently tried to pursue [f]ederal [h]abeas review by every means possible" and references multiple dismissals by this court and remands to this court from the Sixth Circuit. (Doc. No. 1 at 1). The court's own research shows that, while Petitioner has indeed filed a number of previous habeas cases in this court, the instant petition is Petitioner's first challenge to the denial of his Rule 36.1 motion. He filed a petition for habeas relief under 28 U.S.C. § 2241 in February of 2023 that challenged, in part, the two charges at issue in this case, but the court dismissed that petition without prejudice after Petitioner disclaimed relief under Section 2241 and stated his intent to pursue either a writ of error coram nobis under the All Writs Act or a procedural due process claim under 42 U.S.C. § 1983. *See John Allen Hessmer v. Sheriff Robert Bryan*, No. 3:23-cv-00132 (M.D. Tenn. dismissed 10/26/2023) (Crenshaw, Chief J., presiding). And, more importantly, the state trial court denied Petitioner's Rule 36.1 motion on December 19, 2023, so the petition in Case No. 3:23-cv-00132 could not have raised this issue, having been filed in February 2023.

[3] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Petitioner declared that he placed his petition in the prison mailing system on March 20, 2025 (Doc. No. 1 at 14); thus, the petition is considered filed as of that date rather than the date the Clerk of Court received it.

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Petitioner raises a single claim in his Section 2254 petition: the Tennessee Supreme Court's holding in *State v. Brown*, 479 S.W.3d 200, 211-12 (Tenn. 2015), that expired sentences are not subject to Rule 36.1 motions, violates the Constitution's prohibition against ex post facto punishment. (Doc. No. 1 at 3-4). The only discernible reference in the petition to the conviction being challenged by Petitioner appears on the first page of the petition, where Petitioner lists "Trail [sic] Case Nos. 99-1861, 99137" and "Appeal Case No. M2024-00056-CCA-R3-CD." (*Id*. at 1). Case Nos. 1861 and 99137 resulted in Petitioner's March 2000 convictions and his appeal from the trial court's denial of his Rule 36.1 motion to correct the sentence resulting from those convictions. *See State v. Hessmer*, No. M2024-00056-CCA-R3-CD, 2024 WL 4751657 (Tenn. Ct. Crim. Nov. 12, 2024). Thus, the court understands Petitioner to only be challenging *Brown*'s application to that sentence.

But Petitioner is not in custody under that sentence. According to Tennessee Department of Correction records of which the court takes judicial notice, Petitioner is currently incarcerated on convictions out of Wilson and Smith Counties in Tennessee. *See* Tenn. Dep't of Corr., Felony Offender Information: "John Hessmer," https://foil.app.tn.gov/foil/details.jsp (last visited February 5, 2026) (listing two active sentences, a 2023 conviction in Smith County and a 2024 conviction in Wilson County). Petitioner's combined sentence length is 24 years, beginning on November 8, 2022, with a release eligibility date of June 8, 2027. (*Id*.) The sentence Petitioner challenges in his instant petition expired roughly nineteen years ago. It ran for seven years, beginning on March 30, 2000. (Doc No. 8-1 at 40; Doc. No. 8-2 at 46).

Federal habeas relief lies only for those "*in custody* pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). However, a petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* (emphasis in original) (interpreting Section 2254(a) as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition was filed").

Because Petitioner is no longer serving the sentences imposed pursuant to his 2000 convictions, he cannot bring a federal habeas petition directed solely at those convictions. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (where Coss was no longer serving the sentences imposed pursuant to his 1986 convictions, he could not bring a federal habeas petition challenging exclusively those convictions). Notably, Petitioner does not assert that the challenged 2000 conviction was used to enhance his current sentence. *See id.* (where Coss was currently serving the sentence for his 1990 conviction, his Section 2254 petition could be construed as "asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction."); *Anderson v. Booker*, No. 07-cv-12898, 2009 WL 3242002, at *3 (E.D. Mich. Oct. 7, 2009) (citing *Lackawanna*, 532 U.S. 394, 401-40) (where prisoner had fully served his sentence for the 1985 conviction at issue and was no longer in custody pursuant to that conviction, the court lacked subject matter jurisdiction over his claim but, "to the extent that Anderson asserts that the challenged 1985 conviction was used to enhance his current sentence, he satisfies the 'in custody' requirement", giving the court jurisdiction over his claim.).

Additionally, Article III's case-or-controversy requirement bars relief for Petitioner in this case. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990); *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing U.S. Const. art. III, § 2). Under this requirement, a party bringing a claim "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. 1, 7 (quoting *Lewis*, 494 U.S. 472, 477-78). This means that, in the habeas context, "once the convict's sentence has expired . . . , some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 8. Some examples of "collateral consequences" include prohibitions on voting, engaging in certain businesses, serving as an official of a labor union for a specified period, and serving as a juror. *See Carafas v. LaValle*, 391 U.S. 234, 237 (1968); *see also Spencer*, 523 U.S. 1, 9 (citing *Fiswick v. United States*, 329 U.S. 211, 221-223 (1946) (conviction rendered petitioner liable to deportation and denial of naturalization and ineligible to serve on a jury, vote, or hold office); *United States v. Morgan*, 346 U.S. 502, (1954) (conviction had been used to increase petitioner's current sentence under state recidivist law); *Parker v. Ellis,* 362 U.S. 574, 576 (1960) (Harlan, J., concurring) (since petitioner's other, unchallenged convictions took away the same civil rights as the conviction under challenge, the challenge was moot); *Ginsberg v. New York*, 390 U.S. 629, 633, n.2 (1968) (conviction rendered petitioner liable to revocation of his license to operate luncheonette business). *Cf. Tannenbaum v. New York*, 388 U.S. 439 (1967) (per curiam); *Jacobs v. New York*, 388 U.S. 431 (1967) (per curiam)). If there is no collateral consequence, the claim is moot.

The sentence Petitioner challenges expired roughly nineteen years ago. Petitioner fails to identify any collateral consequences traceable to his convictions and redressable by a form of habeas relief. Petitioner's habeas corpus challenge is therefore moot.

## III. CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss (Doc. No. 9) is **GRANTED**. The petition seeking relief under 28 U.S.C. § 2254 is **DENIED**, and this action is **DISMISSED.**

Petitioner's Motion to Appoint Counsel (Doc. No. 11), Motion to Compel Discovery (Doc. No. 13), and Petition to Compel Discovery of Missing Records and Answer Interrogatories (Doc. No. 14) are **DENIED AS MOOT**.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Petitioner's claims, the court **DENIES** a COA. However, Petitioner may seek a COA from the Sixth Circuit.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge